UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM WHITSETT, ) | |
| ) | |
| Petitioner, ) | 3:10-cv-00100-ECR-RAM |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STEFANIE HUMPHREY, *et al.*, ) | |
| ) | |
| Respondents. ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss. (ECF No. 8).

**I. Background**

On August 18, 2006, a judgment of conviction was filed, pursuant to a guilty plea, convicting petitioner of one count of robbery of a victim 60 years of age or older. (Exhibit 4).[1] Petitioner was sentenced to 36 to 120 months, plus an equal and consecutive term of 36 to 120 months in the Nevada Department of Corrections. (*Id.*).

On May 29, 2007, petitioner filed a post-conviction habeas petition in state district court. (Exhibit 5). On September 18, 2007, the state district filed an order denying the state habeas petition. (Exhibit 6). Petitioner appealed. (Exhibit 7). On April 7, 2008, the Nevada Supreme

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 9.

1  Court entered an order affirming in part, reversing in part, and remanding. (Exhibit 8). The Nevada
2  Supreme Court's order remanded the case to the state district court "for a limited evidentiary hearing
3  on the issue of whether appellant's counsel refused to file an appeal after being asked by appellant to
4  do so." (Exhibit 8, at p. 7).

5  On August 8, 2008, an evidentiary hearing was held in the state district court on the issue of
6  whether petitioner had directed his counsel to file an appeal on his behalf. (Exhibit 9). On August
7  26, 2008, the state district court issued findings of fact, conclusions of law, and order. (Exhibit 10).
8  The state district court found that it was petitioner's attorney's practice to make a note in the file if a
9  defendant asks to appeal, and that there was no such note in petitioner's file, indicating that no
10 request to appeal was received. (Exhibit 10, at p. 4). Petitioner appealed this ruling. (Exhibit 11).
11 On January 7, 2010, the Nevada Supreme Court affirmed the state district court's ruling. (Exhibit
12 12).

13 Petitioner dispatched his federal habeas petition to this Court on February 17, 2010. (Federal
14 Habeas Petition, ECF No. 4, at p. 1). Respondents have filed a motion to dismiss the petition. (ECF
15 No. 8).

16 **II. Discussion**

17 Respondents move to dismiss the petition based on the sole argument that Ground 3 of the
18 federal habeas petition is unexhausted. (ECF No. 8, at p. 8). In Ground 3, petitioner alleges:
19 "Defendant's due process rights were violated where defendant was coerced into an involuntary plea
20 deal, which worked to the extreme detriment of defendant. Due Process Clause prohibits added
21 enhancement without jury imposition." (ECF No. 4, at p. 7). In petitioner's state habeas petition, he
22 never alleged that his plea was "coerced" by anyone. (State Habeas Petition, Exhibit 5). As such,
23 Ground 3 of the federal petition is unexhausted. The Court notes that, earlier in the federal petition,
24 at Ground 2, petitioner alleges, *inter alia*, that "counsel was ineffective for failing to challenge an
25
26

2

enhancement added by judge but requiring jury imposition . . ." (ECF No. 4, at p. 5). As such, the enhancement portion of Ground 3, although exhausted, is duplicative of Ground 2.

**III. Petitioner's Options Regarding Unexhausted Ground 3**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the Court finds that Ground 3 is unexhausted. Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this Court to stay and abey his exhausted federal habeas claim while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 8) is **GRANTED,** to the extent that the Court finds Ground 3 to be unexhausted.

1   **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claim in abeyance while he returns to state court to exhaust his unexhausted claim.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this 26th day of January, 2011.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

4