1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF NEVADA**

8

9    WILLIAM WHITSETT,                  )

10              Petitioner,             )        3:10-cv-00100-LRH-WGC
                                        )
11   vs.                                )        **ORDER**
                                        )
12   STEFANIE HUMPHREY, *et al.*,       )
                                        )
13              Respondents.            )
     _____/

14

15          This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,

16   by a Nevada state prisoner.  This matter comes before the Court on the merits of the petition.

17   **I. Procedural History**

18          On May 12, 2006, an indictment was filed in the Eighth Judicial District Court for the State

19   of Nevada, in Case No. C222265, charging petitioner with five counts of burglary, one count of

20   attempted robbery, two counts of larceny from a person, victim age 60 or older, and one count of

21   robbery, victim age 60 or older.  (Exhibit 1).[1]  On June 29, 2006, a guilty plea agreement was filed in

22   open court which indicated that petitioner would be withdrawing his prior plea of not guilty in Case

23   No. 222265 and would be entering a plea of guilty to one count of robbery of a victim 60 years of

24   age or older.  Pursuant to the guilty plea agreement, petitioner would be adjudicated guilty of robbery

25

26          [1]  The exhibits referenced in this order are found in the Court's record at ECF No. 9.

of a victim age 60 or older in Case No. C222265, and would agree to plead guilty to one count of robbery of a victim age 60 or older and burglary in Case No. C219262.  As a condition of the plea, the State would have no opposition to concurrent time between the two counts in Case No. C219262, but the State would retain the right to argue for consecutive time between the charges in Case No. C219262 and the charge in Case No. C222265.  (Exhibit 2, at p. 1).  An amended indictment was filed on June 29, 2006, reflecting this action.  (Exhibit 3).

On August 18, 2006, a judgment of conviction was filed in Case No. 222265, pursuant to a guilty plea, convicting petitioner of one count of robbery of a victim 60 years of age or older. (Exhibit 4).  Petitioner was sentenced to 36 to 120 months imprisonment, plus an equal and consecutive term of 36 to 120 months imprisonment for the age-of-victim enhancement.  (*Id.*).

On May 29, 2007, petitioner filed a post-conviction habeas petition in state district court. (Exhibit 5).  On September 18, 2007, the state district filed an order denying the state habeas petition.  (Exhibit 6).  Petitioner appealed.  (Exhibit 7).  On April 7, 2008, the Nevada Supreme Court entered an order affirming in part, reversing in part, and remanding.  (Exhibit 8).  The Nevada Supreme Court's order remanded the case to the state district court "for a limited evidentiary hearing on the issue of whether appellant's counsel refused to file an appeal after being asked by appellant to do so."  (Exhibit 8, at p. 7).

On August 8, 2008, an evidentiary hearing was held in the state district court on the issue of whether petitioner had directed his counsel to file an appeal on his behalf.  (Exhibit 9).  On August 26, 2008, the state district court issued findings of fact, conclusions of law, and order.  (Exhibit 10). The state district court found that it was petitioner's attorney's practice to make a note in the file if a defendant asks to appeal, and that there was no such note in petitioner's file, indicating that no request to appeal was received.  (Exhibit 10, at p. 4).  Petitioner appealed this ruling.  (Exhibit 11). On January 7, 2010, the Nevada Supreme Court affirmed the state district court's ruling.  (Exhibit 12).

///

1    Petitioner dispatched his federal habeas petition to this Court on February 17, 2010.  (ECF

2    No. 4, at p. 1).  The petition contains three grounds.  (*Id.*).  Respondents previously moved to dismiss

3    Ground 3 of the petition as unexhausted.  (ECF No. 8).  By order filed January 26, 2011, the Court

4    granted the motion.  (ECF No. 12).  Petitioner filed a motion to dismiss Ground 3 of the petition and

5    proceed on Grounds 1 and 2, which the Court granted on June 22, 2011.  (ECF No. 15).

6    Respondents filed an answer to Grounds 1 and 2 of the petition on February 27, 2012.  (ECF No. 19).

7    Petitioner did not file a reply, despite being given an opportunity to do so.

8    **II.  Federal Habeas Corpus Standards**

9    The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d),

10   provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceeding.

18   The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications

19   in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect

20   to the extent possible under law."  *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state court

21   decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C.

22   § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme

23   Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from

24   a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme

25   Court's] precedent."  *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529

26   U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).  The formidable

3

1   standard set forth in section 2254(d) reflects the view that habeas corpus is "'a guard against extreme

2   malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction

3   through appeal." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011) (quoting

4   *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

5        A state court decision is an unreasonable application of clearly established Supreme Court

6   precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct

7   governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

8   principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,

9   529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more

10   than merely incorrect or erroneous; the state court's application of clearly established federal law

11   must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409). In determining whether a

12   state court decision is contrary to, or an unreasonable application of federal law, this Court looks to

13   the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991);

14   *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

15        In a federal habeas proceeding, "a determination of a factual issue made by a State court shall

16   be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of

17   correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). If a claim has been

18   adjudicated on the merits by a state court, a federal habeas petitioner must overcome the burden set

19   in § 2254(d) and (e) on the record that was before the state court. *Cullen v. Pinholster*, 131 S.Ct.

20   1388, 1400 (2011).

21   **III.  Discussion**

22        **A.  Ground 1**

23        Petitioner contends that his counsel was ineffective for failing to file an appeal from the

24   judgment of conviction, despite petitioner's request to do so. Petitioner states that he would have

25   appealed the length of his sentence as depriving him of "a chance at life again." (ECF No. 4, at p. 3).

26   ///

**1.  Ineffective Assistance of Counsel Standard**

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) counsel's performance was unreasonably deficient, and (2) that the deficient performance prejudiced the defense.  *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687).  To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness.  *Id.*  To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*  A reasonable probability is "probability sufficient to undermine confidence in the outcome."  *Id.*  Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight.  *Strickland,* 466 U.S. at 689.  It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy.  *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted).  If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard.  *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003).  There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential."  *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance,* 556 U.S. 111, 112-113, 129 S.Ct.

1   1411, 1413 (2009)).  In *Cullen v. Pinholster*, the Supreme Court emphasized that: "We take a 'highly

2   deferential' look at counsel's performance . . . . through the 'deferential lens of § 2254(d).'"  *Id.* at

3   1403 (internal citations omitted).  Moreover, federal habeas review of an ineffective assistance of

4   counsel claim is limited to the record before the state court that adjudicated the claim on the merits.

5   *Cullen v. Pinholster*, 131 S.Ct. at 1398-1401.  The United States Supreme Court has specifically

6   reaffirmed the extensive deference owed to a state court's decision regarding claims of ineffective

7   assistance of counsel:

8           Establishing that a state court's application of *Strickland* was
            unreasonable under § 2254(d) is all the more difficult.  The standards
9           created by *Strickland* and § 2254(d) are both "highly deferential," *id.* at
            689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117
10          S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in
            tandem, review is "doubly" so, *Knowles*, 556 U.S. at ___, 129 S.Ct. at
11          1420.  The *Strickland* standard is a general one, so the range of
            reasonable applications is substantial.  556 U.S. at ___, 129 S.Ct. at
12          1420.  Federal habeas courts must guard against the danger of equating
            unreasonableness under *Strickland* with unreasonableness under  §
13          2254(d).  When § 2254(d) applies, the question is whether there is any
            reasonable argument that counsel satisfied *Strickland's* deferential
14          standard.

15  *Harrington v. Richter*, ___U.S. ___, 131 S.Ct. 770, 788 (2011).  "A court considering a claim of

16  ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was

17  within the 'wide range' of reasonable professional assistance."  *Id.* at 787 (quoting *Strickland*, 466

18  U.S. at 689).  "The question is whether an attorney's representation amounted to incompetence

19  under prevailing professional norms, not whether it deviated from best practices or most common

20  custom."  *Id.* (internal quotations and citations omitted).

21          The *Strickland* standard also applies to claims of ineffective appellate counsel.  *Smith v.*

22  *Robbins*, 528 U.S. 259, 285 (2000).  Appellate counsel has no constitutional duty to raise every non-

23  frivolous issue requested by the client.  *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).  To state a

24  claim of ineffective assistance of appellate counsel, a petitioner must demonstrate: (1) that counsel's

25  performance was deficient in that it fell below an objective standard of reasonableness, and (2) that

26  the resulting prejudice was such that the omitted issue would have a reasonable probability of

6

1  success on appeal.  *Id.*  "Experienced advocates since time beyond memory have emphasized the

2  importance of winnowing out weaker arguments on appeal and focusing on one central issue if

3  possible, or at most on a few key issues.  *Id*. at 751-52.  Petitioner must show that his counsel

4  unreasonably failed to discover and file nonfrivolous issues.  *Delgado v. Lewis*, 223 F.3d 976, 980

5  (9th Cir. 2000).  It is inappropriate to focus on what could have been done rather than focusing on the

6  reasonableness of what counsel did.  *Williams v. Woodford*, 384 F.3d 567. 616 (9th Cir. 2004)

7  (citation omitted).

8  ### 2.  Application of *Strickland* to Ground 1

9       The Court notes that when initially addressing this claim, Nevada Supreme Court, by order

10 filed April 7, 2008, remanded the case to the state district court "for a limited evidentiary hearing on

11 the issue of whether appellant's counsel refused to file an appeal after being asked by appellant to do

12 so." (Exhibit 8, at p. 7).  On August 8, 2008, an evidentiary hearing was held in the state district

13 court on the issue of whether petitioner had directed his counsel to file an appeal on his behalf.

14 (Exhibit 9).  On August 26, 2008, the state district court issued findings of fact, conclusions of law,

15 and order denying the habeas petition.  (Exhibit 10).  The state district court found that it was

16 petitioner's attorney's practice to make a note in the file if a defendant asks to appeal, and that there

17 was no such note in petitioner's file, indicating that no request to appeal was received.  (Exhibit 10,

18 at p. 4).  Petitioner appealed this ruling.  (Exhibit 11).  On January 7, 2010, the Nevada Supreme

19 Court affirmed the state district court's ruling.  (Exhibit 12).  On appeal, the Nevada Supreme Court

20 rejected petitioner's claim, as follows:

21           Appellant claimed that trial counsel was ineffective for failing to file
            an appeal after being requested to do so.
22
            The district court found trial counsel's testimony – that he went
23          through the plea agreement with appellant and explained appellant's
            limited right to appeal, that he did not know of any non-frivolous
24          issues that would have [been] successful on direct appeal, and that
            appellant never requested an appeal – to be credible.  We conclude that
25          the district court's findings were based upon substantial evidence and
            were not clearly wrong.  See Means v. State, 120 Nev. 1001, 1012, 103
26          P.3d 25, 33 (2004); Riley v. State, 110 Nev. 638, 647, 878 P.2d 272,

278 (1994) (district court's factual findings regarding a claim of ineffective assistance of counsel are entitled to deference when reviewed on appeal).  Based on these findings, we conclude that the district court did not err in denying this claim.  See Hathaway v. State, 119 Nev. 248, 254, 71 P.3d 503, 507 (2003); Thomas v. State, 115 Nev. 148, 151, 979 P.2d 222, 224-25 (1999); Davis v. State, 115 Nev. 17, 20, 974 P.2d 658, 660 (1999); see also Roe v. Flores-Ortega, 528 U.S. 470 (2000).

(Exhibit 12, at pp. 1-2).  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Conclusory allegations will not overcome the presumption that the state court's findings are correct.  *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2000).  In this case, the Nevada courts found that credible evidence indicated that petitioner had not requested an appeal.  Counsel has a duty to file a direct appeal only where one is requested or where there are non-frivolous grounds for appeal.  *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).  The state court found that petitioner failed to request that his attorney file a direct appeal and his counsel knew of no non-frivolous issues that would have succeeded on direct appeal.  Petitioner has failed to demonstrate that his counsel's performance was deficient within the meaning of *Strickland* and its progeny.

Moreover, even assuming that petitioner could overcome the presumption of factual correctness and prove that his counsel's performance was deficient, he cannot show prejudice.  Petitioner wished to appeal the length of his sentence and this would not have entitled him to relief.  The Nevada Supreme Court will not overturn a sentence on appeal "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence."  *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (2009).  The Nevada Supreme Court has held that regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing the punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'"  *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 489 (2009) (quoting *Blume v. State*, 112 Nev. 472, 475 (1996)).

///

8

1    The United States Supreme Court held that the Eighth Amendment contains a "narrow

2    proportionality principle." *Graham v. Florida*, 560 U.S. 48, 59-60 (2010) (internal quotation marks

3    omitted).  This principle "does not require strict proportionality between the crime and the sentence

4    but rather forbids only extreme sentences that are grossly disproportionate to the crime."  *Id.* (internal

5    quotations omitted).  Still, it is exceptionally difficult for a defendant to show that his sentence is

6    unconstitutionally disproportionate in violation of the Eighth Amendment.  Several United States

7    Supreme Court cases dictate upholding a defendant's sentence, even where the sentence seems harsh

8    in light of the offense committed.  *See, e.g., Ewing v. California*, 538 U.S. 11 (2003) (upholding 25-

9    year sentence of habitual criminal defendant for stealing three golf clubs, holding that the states may

10   dictate how they wish to deal with recidivism issues); *Lockyer v. Andrade*, 538 U.S. 63 (2003) (50-

11   years-to-life sentence for stealing $150 of videotapes upheld under California's three-strikes law);

12   *Hutto v. Davis*, 454 U.S. 370 (1982) (40-year prison sentence upheld where defendant was convicted

13   of possession with intent to sell nine ounces of marijuana); *Rummel v. Estelle*, 445 U.S. 263 (1980)

14   (life sentence upheld where defendant was repeat offender and committed third felony of stealing

15   $120).  Petitioner's sentence of 36 to 120 months, plus an equal and consecutive term of 36 to 120

16   months imprisonment, is within statutory guidelines and is not "grossly disproportionate" to the

17   crime committed, robbery of a victim 60 years of age or older.  (*See* Exhibit 4).  Because petitioner

18   would have had no reasonable probability of success on appeal had he asserted the argument that his

19   sentence was too lengthy, petitioner fails to show prejudice.  *See Jones v. Barnes*, 463 U.S. 745, 751-

20   54 (1983).

21   The other ground on which petitioner alleges that he wanted to appeal was the "failure to

22   receive the benefit of the bargain," referring to his guilty plea.  This claim would have no reasonable

23   probability of success on appeal.  In the guilty plea memorandum, petitioner pled guilty to robbery of

24   a victim 60 years of age or older.  The State agreed not to oppose concurrent sentences.  (Exhibit 2,

25   at p. 1).  The guilty plea memorandum was clear that the issue of whether the counts would run

26   concurrently or consecutively was within the discretion of the sentencing judge.  (Exhibit 2, at p. 2).

9

1   Regarding the benefit of the bargain, petitioner received the benefit of having seven other felony

2   counts dismissed.  (Exhibit 1).  Again, petitioner would have had no reasonable probability of

3   success on appeal had he asserted that he did not receive the benefit of the bargain.  Petitioner fails to

4   show prejudice.  *See Jones*, 436 U.S. at 751-54.

5          In sum, the Nevada Supreme Court held that petitioner did not request a direct appeal,

6   negating any argument that counsel's performance was not reasonable.  And, as discussed above, the

7   issues that petitioner claims he would have made on direct appeal would have had no reasonable

8   probability of success, and as such, petitioner suffered no prejudice.  The Nevada Supreme Court

9   reasonably applied the appropriate federal standard to petitioner's ineffective assistance of counsel

10  claims.  Petitioner has failed to demonstrate that his counsel's performance was deficient or that he

11  was prejudiced under *Strickland*.  Petitioner has failed to meet his burden of proving that the Nevada

12  Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly

13  established federal law, as determined by the United States Supreme Court, or that the ruling was

14  based on an unreasonable determination of the facts in light of the evidence presented in the state

15  court proceeding.  This Court denies federal habeas relief as to Ground 1 of the petition.

16          **B.  Ground 2**

17                **1.  Ground 2, Sub-Part 1**

18          Petitioner alleges that his counsel was ineffective for failing to initiate competency

19  proceedings.  (ECF No. 4, at p. 5).  The Nevada Supreme Court rejected this argument, as follows:

20                 Our review of the record reveals that appellant failed to demonstrate
                   that he was incompetent to enter his guilty plea.  This court has held
21                 that the test for determining competency is whether the defendant has
                   sufficient present ability to consult with his lawyer with a reasonable
22                 degree of rational understanding – and whether he has a rational as
                   well as factual understanding of the proceedings against him.
23                 Appellant must demonstrate incompetence by a preponderance of the
                   evidence.  Here, appellant failed to state what facts contained in his
24                 presentence report raised doubts about his competency.  Thus,
                   appellant's petition contained only bare and naked claims for relief that
25                 were unsupported by any specific factual allegations.  Therefore, the
                   district court did not err in denying appellant's claim.

26

10

* * *

> Appellant failed to demonstrate that his trial counsel was deficient or that he was prejudiced.  As noted above, appellant failed to demonstrate that he was incompetent to enter his guilty plea.  Thus, appellant failed to demonstrate that his counsel was ineffective for failing to raise the issue of competence.  Therefore, the district court did not err in denying appellant's claim.

(Exhibit 8, at pp. 2-4) (footnotes omitted).  The factual findings of the state court are presumed

correct.  28 U.S.C. § 2254(e)(1).  Conclusory allegations will not overcome the presumption that the

state court's findings are correct.  *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2000).  Petitioner

has failed to demonstrate that his counsel's performance was deficient or that he was prejudiced

under *Strickland*.  Petitioner has failed to meet his burden of proving that the Nevada Supreme

Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal

law, as determined by the United States Supreme Court, or that the ruling was based on an

unreasonable determination of the facts in light of the evidence presented in the state court

proceeding.  Federal habeas relief is denied as to Ground 2, sub-part 1 of the petition.

## 2.  Ground 2, Sub-Part 2

Petitioner claims that he is factually innocent of robbing victim Richard Davis and that his

counsel was ineffective in failing to present this defense.  (ECF No. 4, at p. 5).  The Nevada Supreme

Court rejected this claim, as follows:

> [A]ppellant claimed that his counsel was ineffective for failing to raise a defense of actual innocence in regard to victim Richard Davies.  Specifically, appellant claimed that the grand jury testimony demonstrated that he did not rob Davies.  Appellant failed to demonstrate that his trial counsel was deficient or that he was prejudiced.  Importantly, during the plea canvass appellant acknowledged that he had read, signed and understood the written plea agreement and that he had discussed all possible defenses with his counsel.  In his guilty plea agreement, appellant pleaded guilty to one count of robbery of a victim over the age of 60 and admitted that he had committed this crime against the following victims:  Richard Davies, and/or Josefino Amigable, and/or Virgil Kendall, and/or Peter Payne.  Under these circumstances, appellant failed to demonstrate the probability of a different outcome had counsel raised a defense of actual innocence with regard to Richard Davies because he was only

1

2

> convicted of one count of robbery of a victim over the age of 60 but
> admitted he had perpetrated this crime against several individuals.

3

> Moreover, a review of the grand jury testimony belies appellant's
> claim that the grant jury testimony demonstrates his actual innocence.
> Notably, witness Ruth Speidel testified that she had seen appellant
> outside the men's restroom where Davies was robbed shortly before
> the incident.  Speidel further testified that she subsequently saw
> appellant running out of the casino and heard Davies yelling for help.
> Speidel was able to immediately identify appellant from a
> photographic lineup.  Furthermore, Detective Janie Carr of the Las
> Vegas Metropolitan Police Department testified that appellant
> admitted to a robbery in the men's restroom at the Sam's Town Casino
> in March of 2006.  Notably this was when and where Davies was
> robbed.  This testimony falls far short of demonstrating appellant's
> innocence; therefore, the district court did not err in denying
> appellant's claim.

4

5

6

7

8

9

10  (Exhibit 8, at pp. 4-5) (footnotes omitted).  The factual findings of the state court are presumed

11  correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada

12  Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly

13  established federal law, as determined by the United States Supreme Court, or that the ruling was

14  based on an unreasonable determination of the facts in light of the evidence presented in the state

15  court proceeding.  Federal habeas relief is denied as to Ground 2, sub-part 2 of the petition.

16  **3. Ground 2, Sub-Part 3**

17  Petitioner argues that counsel was ineffective for failing to challenge a "sentencing

18  enhancement added by the judge" in violation of *Blakely v. Washington* and *Apprendi v. New Jersey*.

19  (ECF No. 4, at p. 5).  The Nevada Supreme Court ruled on this claim, as follows:

20

> [A]ppellant claimed that his counsel was ineffective for failing to
> challenge the imposition of the sentence enhancement for a crime
> involving a victim over 60 years of age when appellant had been
> deprived of a jury trial.  Appellant also claimed that he was improperly
> denied the right to a jury trial on the sentence enhancement for crime
> involving a victim over 60 years of age.  Appellant failed to
> demonstrate that his trial counsel was deficient or that he was
> prejudiced.  Notably, in the guilty plea agreement, which appellant
> acknowledged reading, signing and understanding, appellant pleaded
> guilty to robbery, victim over age 60 years or older.  Appellant
> admitted this fact again at the plea canvass.  Thus, appellant made or
> adopted factual statements sufficient to constitute an admission of
> guilt.  For that reason, the district court was permitted to impose the

21

22

23

24

25

26

12

1    older victim enhancement and a jury trial was not required on this
     claim and counsel was not ineffective in this regard.  Therefore, the
2    district court did not err in denying appellant's claims.

3    (Exhibit 8, at pp. 5-6) (footnotes omitted).  The factual findings of the state court are presumed

4    correct.  28 U.S.C. § 2254(e)(1).

5        Petitioner's reliance on *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New*

6    *Jersey*, 530 U.S. 466 (2000), is misplaced because petitioner pled guilty to the offense and admitted

7    all of the facts necessary for the age-of-victim enhancement.  "When a defendant pleads guilty, the

8    State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the

9    relevant facts or consents to judicial factfinding."  *Blakely*, 542 U.S. at 310.  Further, the *Blakely*

10   Court stated that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge

11   may impose solely on the basis of the facts reflected in the jury verdict or admitted by the

12   defendant."  *Id.* at 303.  Because petitioner pled guilty to and admitted all necessary facts, there was

13   no basis on which counsel could have objected to the enhancement based on the victim's age.

14   Counsel's performance was not deficient.  Petitioner has failed to meet his burden of proving that the

15   Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly

16   established federal law, as determined by the United States Supreme Court, or that the ruling was

17   based on an unreasonable determination of the facts in light of the evidence presented in the state

18   court proceeding.  Federal habeas relief is denied as to Ground 2, sub-part 3 of the petition.

19   **IV.  Certificate of Appealability**

20       District courts are required to rule on the certificate of appealability in the order disposing of

21   a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and

22   request for certificate of appealability to be filed.  Rule 11(a).  In order to proceed with his appeal,

23   petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th

24   Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v.*

25   *Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial

26   showing of the denial of a constitutional right" to warrant a certificate of appealability.  *Id.;* 28 U.S.C.

§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*  In this case, no reasonable jurist would find this Court's denial of the petition debatable or wrong.  The Court therefore denies petitioner a certificate of appealability.

**V.  Conclusion**

IT IS THEREFORE ORDERED that the remaining grounds of the petition for a writ of habeas corpus are **DENIED**.

IT IS FURTHER ORDERED that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

IT IS FURTHER ORDERED that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 25th day of April, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE